UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Sean Alonzo Harris,

    Plaintiff,

v.

Massachusetts Institute of Technology.

    Defendant.

Civil Action No. _____

# COMPLAINT

Plaintiff Sean Alonzo Harris ("Harris") brings this Complaint for Copyright Infringement, against Defendant Massachusetts Institute of Technology ("Defendant"), and allege:

## NATURE OF THE ACTION

1. This is an action for Copyright Infringement, including copyright infringement of copyright registration No.VA 2-410-759, ("Copyrighted Work") pursuant to 17 U.S.C. §§ 411, 501, and 502 for the pattern of conduct that continues at least through the present.

## PARTIES

2. Harris is an individual who resides at 492 Saint John Street, Portland, Maine 04102.

3. Defendant is a tax-exempt non-profit charitable corporation organized under the laws of Massachusetts, with its principal place of business at 77 Massachusetts Avenue, Cambridge, MA 02139.

## JURISDICTION AND VENUE

4. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 100, *et seq,* and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a).

5. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery, this Court has personal jurisdiction over Defendant.

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant regularly does business in Massachusetts and has engaged in a persistent course of conduct within Massachusetts by continuously and systematically providing a service, namely, higher education in Massachusetts, as well as soliciting funds from donors across the United States, including from donors in Massachusetts. On information and belief, Defendant have a regular and established place of business in Massachusetts and are registered as a school with Massachusetts's Secretary of State under Registration No. 042103594.

7. This Court has personal jurisdiction over Defendant because, for example, Defendant continued, and will continue, to offer its services within the United States United States and in Massachusetts.

8. In addition, Defendant has previously submitted to the jurisdiction of this Court and has previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction. For example, Defendant answered a complaint against it in *Entergy Services, Inc. v. Massachusetts Institute of Technology et al.*, 1:03-cv-11610-DPW (D. Mass).

9. In the alternative, this Court may exercise personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) because Harris's claims arise under Federal law, and Defendant have sufficient contacts with the district, including but not limited to marketing

and/or selling its services that are provided in Massachusetts, such that this Court's exercise of jurisdiction would satisfy due process.

## BACKGROUND

### A.     Background of the Copyrighted Work

10.     Harris is a well-known photographer. Harris is the photographer who was hired for a photo session for Boston civil rights leader and former mayoral candidate, Mel King by Boston Magazine. That photo session yielded what has become an iconic photograph of Mel King looking into the camera with his left hand positioned under his chin (shown below).



11.     Harris had signed a contract with Boston Magazine. The contract (Exhibit A) provides that Boston Magazine had the right to use the photograph a single time in its magazine. No other rights were granted to Boston Magazine.

12.     Unfortunately for Harris, entities took liberties with his artistic expression and have used this photograph without his knowledge. Many of these acts began shortly after the photograph was published by Boston Magazine and continue to this day.

B.    **Defendant's Actions**

13.    Last year, Harris learned that Defendant had been using his copyrighted image. Indeed, Defendant used the Copyrighted Work across a range of advertising endeavors to advance Defendant's image and, upon information and belief, to bring in donations and other revenues.

14.    For instance, Defendant used the Copyrighted Work to discuss the life and legacy of Mr. King on December 26, 2023, as well as on Instagram posts (Exhibits B and C). Indeed, Instagram posts, shown below, touting Defendant's connection to Mr. King remains on Instagram to this day (*id.*).

15.    Defendant further presented the Copyrighted Work on its website (Exhibits D and E). Harris's photograph is iconic and Defendant has used his Copyrighted Work to benefit from the iconic image within the Boston community as well as with marginalized communities (Exhibit F).

16.    Defendant also used the leveraged the Copyrighted Work to garner favorable press. For instance, the Boston Globe wrote a glowing piece regarding Defendant in front of a derivative work that directly infringes upon Harris' rights (Exhibit G). The derivative work was still on Defendant's website until at least October 2024.

17.    Upon information and belief, Defendant used the Copyrighted Work to enlist researchers and funding for programs.

18.    Upon information and belief, Defendant used the Copyrighted Work as an outreach to the community by its researchers to further the objectives of the university. Defendant also uses the work within the scope of the university's funding and to provide public relations benefits to the university.

19.    Upon information and belief, these activities are part of the Defendant's business operations and net the Defendant significant benefits that show up as increased revenues.

20. Defendant, however, should have known that the Copyrighted Work was owned by another, even if it didn't know that Harris owned the Copyrighted Work. Defendant is a sophisticated institution and it understands the value of copyrighted works.

21. Defendant should have sought permission from Harris. Indeed, Defendant demands no less from others using Defendant's intellectual property. *See, e.g., Mass. Inst. of Tech. v. Micron Tech., Inc.*, C.A. No. 15-10374-FDS (D. Mass. 2016).

22. Furthermore, Defendant forbids its students from using copyrighted materials and asserts that it complies with U.S. copyright law (*see handbook.mit.edu/copyright*). In short, Defendant is well aware of its duties when it comes to copyright law and the protection of intellectual property generally.

23. Had Defendant inquired about the Copyrighted Work that it uses to present its business interests, Defendant would have determined that the Copyrighted Work was Harris' intellectual property. Any inquiry would have led to requesting permission from Harris or confirming that any entity providing the Copyrighted Work to Defendant had a license from Harris to do so.

24. Defendant clearly didn't make reasonable inquires and just took the rights unto itself.

C. **Defendant Was Informed Of The Infringement**

25. In October 2024, Defendant was informed by Harris that it was infringing on Defendant's Copyrighted Work.

26. Harris demanded that Defendant cease and desist from infringing on the Copyrighted Work and that Defendant compensate Harris for the damage done.

27. On October 18, 2024, Defendant's representative, Jaren D. Wilcoxson, asserted that Defendant was investigating the matter and would respond to Harris' demands. Harris never heard from Defendant.

28. Upon information and belief, Defendant was willfully blind to the ownership of the Copyrighted Work and failed to do any reasonable investigation.

29. As a sophisticated institution that has a deep understanding of copyright law, Defendant would have known to exercise reasonable caution when using a photograph like the Copyrighted Work.

30. As a sophisticated institution, Defendant should have trained its employees and students to ensure that those individuals exercised reasonable caution when using a photograph like the Copyrighted Work.

31. Upon information and belief, Defendant failed to exercise the reasonable caution and employ measures to prevent the infringement of the Copyrighted Work.

32. Upon information and belief, Defendant failed to act as a reasonable institution when using the Copyrighted Work.

33. Upon information and belief, Defendant gained substantial prestige and donations based, in part, on the use of the Copyrighted Work.

34. Upon information and belief, Defendant leveraged the Copyrighted Work to obtain substantial revenues by enticing students to attend the university.

35. Upon information and belief, Defendant leveraged the Copyrighted Work to obtain substantial revenues by enticing monetary gifts from donors.

## Copyright Infringement

36. Harris is the lawful owner of the Copyrighted Work.

37. Defendant has used Mel King's name and likeness to increase its visibility in the community (Exhibit H). The Copyrighted Work was one of the foundational images in Defendant's efforts to raise its visibility.

38. Upon information and belief, Defendant used the Copyrighted Work to obtain revenues through both donations and student tuition.

## COUNT I (COPYRIGHT INFRINGEMENT)

39. Each of the preceding paragraphs 1 through 38 is incorporated as if fully set forth.

40. Defendant did not, and does not, have any authorization, permission, license, or consent to exploit the Copyrighted Work.

41. Defendant has unlawfully reproduced and distributed the Copyrighted Work for which Harris is the legal or beneficial copyright owner. The Copyrighted Work are protected by valid registration duly issued by the U.S. Copyright Office. The foregoing activity constitutes direct infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq*.

42. Each infringement of the Copyrighted Work constitutes a separate and distinct act of infringement.

43. Furthermore, Defendant exercised willful blindness and recklessness when using the Copyrighted Work. *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 992 (9th Cir. 2017).

44. The foregoing acts of infringement by Defendant have been willful, intentional, purposeful, in total disregard of Harris's rights.

45. Defendant's actions described above, which are ongoing, have caused and will continue to cause irreparable damage to Harris, for which Harris has no remedy at law. Unless Defendant are restrained by this Court from continuing its infringement of Harris's copyright, these injuries will continue to occur in the future. Harris is accordingly entitled to injunctive relief restraining Defendant from further infringement.

- 8 -

46. Harris is entitled to disgorgement of Defendant's profits pursuant to 17 U.S.C. § 504(b) computed from Defendant's revenues earned from violation of Harris's Copyrighted Work.

47. Harris is also entitled to his lost profits associated with Defendant's actions pursuant to 17 U.S.C. § 504(b).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court grant the following relief:

1. A judgment that Defendant have infringed upon the Copyrighted Work.

2. An order permanently enjoining Defendant from further infringing conduct.

3. An order awarding damages to Harris, including for his lost profits and for the profits of Defendant based on the use of the Copyrighted Work, and

4. Such further relief as this Court deems proper and just, including but not limited to any appropriate relief under Title 17.

## JURY DEMAND

Plaintiff demands that all issues so triable be tried before a jury.

Date: March 10, 2025

                                 _/s/ David A Chavous_
                                 David A. Chavous, BBO 660332
                                 Chavous Intellectual Property Law LLC
                                 P.O. 229
                                 Boxford, MA 01885
                                 (351)207-5972
                                 dchavous@chavousiplaw.com
                                 *Attorneys for Plaintiff*
                                 *Sean Alonzo Harris*